1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

11

JOSE PEDROZA-MEDINA,                              CASE NO. 07CV1700 WQH (AJB)

12
                                    Petitioner,       ORDER TO SHOW CAUSE
            vs.
13
MICHAEL CHERTOFF, Secretary of the
14  Department of Homeland Security, et al.,

                                    Respondents.
15

HAYES, Judge:

16

        Pending before the Court are Petitioner Jose Pedroza-Medina's Petition for Writ of Habeas
17
Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1), motion for leave to proceed in forma pauperis (Doc.
18
# 2), and motion for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) (Doc. # 3).
19
Petitioner alleges that his continued and indefinite detention pursuant to 8 U.S.C. § 1231 is unlawful
20
because Petitioner has been detained beyond the presumptively reasonable period of six months and
21
there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas v.*
22
*Davis*, 533 U.S. 678 (2001).
23

**ORDER TO SHOW CAUSE**
24

        Having reviewed Petitioner's claims, the Court finds that summary dismissal of the petition
25
is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001)
26
("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory,
27
palpably incredible, or patently frivolous or false."). Accordingly, Respondents are **ORDERED TO**
28
**SHOW CAUSE** why the petition should not be granted by:

                                              - 1 -                              07CV1700 WQH (AJB)

1    (1) filing a written return no later than **Friday, October 12, 2007.**

2    (2) filing copies of all documents, orders and transcripts relevant to the petition; and

3    (3) filing a memorandum of law and fact fully stating Respondents' position and making

4        a recommendation regarding the need for an evidentiary hearing on the petition.

5    If Petitioner wishes to reply to the return, he may do so by way of a traverse filed no later than

6    **Friday, November 9, 2007.**

7                          **MOTION TO PROCEED IN FORMA PAUPERIS**

8    All parties instituting a habeas proceeding in a district court of the United States must pay a

9    filing fee of $5.00.  28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay only

10   if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).  *See*

11   *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  "To proceed in forma pauperis is a privilege

12   not a right."  *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

13   In his accompanying affidavit, Plaintiff states that he is presently incarcerated, not employed,

14   has no assets, and has less than one dollar in his prison trust account.  After considering Plaintiff's

15   motion and the accompanying affidavit, the Court determines that Plaintiff cannot afford to pay the

16   filing fee in this case and is eligible to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

17   The Court therefore **GRANTS** Plaintiff's motion to proceed (Doc. # 2) in forma pauperis.

18                          **MOTION FOR APPOINTMENT OF COUNSEL**

19   18 U.S.C. § 3006A(a)(2)(B) provides that "[w]henever the United States magistrate or the

20   court determines that the interests of justice so require, representation may be provided for any

21   financially eligible person who . . . (B) is seeking relief under section 2241 . . . ."  "The purpose of

22   section 3006A is to provide for appointed counsel whenever required if failure to do so amounts to

23   a denial of due process."  *Gray v. Kernan*, No. C-92-3379-DLJ, 1993 U.S. Dist. LEXIS 2113, *10-12

24   (N.D. Cal. Feb. 16, 1993); *citing Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  Unless an

25   evidentiary hearing is required, appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) is in

26   the discretion of the district court.  *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181-82 (9th Cir. 1990).

27   In deciding whether to appoint counsel, the district court "must evaluate the likelihood of success on

28   the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the

1   complexity of the legal issues involved." *Gutierrez v. Flannican*, No. CIV 05-2981 PHX DGC

2   (DKD), 2005 U.S. Dist. LEXIS 31984, *1-2 (D. Ariz. Dec. 7, 2005); *citing Weygandt v. Look*, 718

3   F.2d 952, 954 (9th Cir. 1983).

4   **A.  Likelihood of Success on the Merits**

5   Petitioner has been subject to an administrative order of removal since April 25, 2006, and has

6   been detained since January 23, 2007.  As of today, Petitioner has been detained beyond the six month

7   presumptively reasonable time period articulated in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

8   With respect to Petitioner's removal, Mexico has refused to issue travel documents for

9   Petitioner, and the United States has not yet received travel documents that would permit Petitioner

10   to be removed to Guatemala.  Petitioner contends that he cannot be removed to Guatemala until

11   further administrative proceedings occur, and that those proceedings are not likely to occur in the

12   reasonably foreseeable future. *See Ma v. Ashcroft*, 257 F.3d 1095, 1005 (9th Cir. 2001) (when there

13   is no reasonable likelihood that a foreign government will accept a removable alien's return in the

14   reasonably foreseeable future, the removable alien may not be held by the United States for more than

15   a reasonable period beyond the removal period).  Under the facts as alleged in the Petition for Writ

16   of Habeas Corpus, the Court concludes that Petitioner has demonstrated a likelihood of success on the

17   merits.

18   **B.  Complexity of Legal Issues**

19   Petitioner has clearly presented the facts and law in his Petition for Writ of Habeas Corpus,

20   and the Court concludes that the applicable law under 8 U.S.C. § 1231 is not particularly complex.

21   Indeed, the United States Supreme Court in *Zadvydas* clearly articulated the law which governs

22   detentions pursuant to 8 U.S.C. § 1231, and that law has been applied by a number of lower courts.

23   *Zadvydas*, 533 U.S. 678 (2001); *see also Ma*, 257 F.3d 1095.  After reviewing Petitioner's motion for

24   appointment of counsel in light of his Petition for Writ of Habeas Corpus, the Court concludes that

25   the failure to appoint counsel at this stage of the proceedings would not amount to a denial of due

26   process.

27   Plaintiff's motion for appointment of counsel (Doc. # 3) is DENIED without prejudice.

28   /

- 3 -                                                                    07CV1700 WQH (AJB)

1 | /

2 | **CONCLUSION**

3 |      (1) Respondents are ORDERED TO SHOW CAUSE why Petitioner's petition should not be

4 | granted, and shall respond to this Order as outlined above.

5 |      (2) Petitioner's motion to proceed in forma pauperis (Doc. # 2) is GRANTED.

6 |      (3) Petitioner's motion for appointment of counsel (Doc. # 3) is DENIED without prejudice.

7 |      **IT IS SO ORDERED**.

8 | DATED:  September 12, 2007

9 | 

                      **WILLIAM Q. HAYES**
10 |                  United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

         07CV1700 WQH (AJB)